Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX  76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
COUNSEL FOR COWTOWN BUS CHARTERS, INC.
AND COWTOWN TRANSPORTATION COMPANY, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN Re: | § | |
| | § | |
| COWTOWN BUS CHARTERS, INC. | § | Case No. 24-43242-mxm11 |
| and | § | |
| COWTOWN TRANSPORTATION | § | Case No. 25-40860-mxm11 |
| COMPANY, LLC | § | |
| | § | Jointly Administered Under Case |
| Debtor(s) | § | No. 24-43242-mxm11 |

**MOTION TO DISMISS CASE UNDER 11 U.S.C. § 1112(b)**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COME NOW Cowtown Bus Charters, Inc., and Cowtown Transportation Company, LLC

(collectively the "Debtors") who move to dismiss the above referenced cases under 11 U.S.C. §

1112(b). In support thereof the Debtors would respectfully show the Court as follows:

**INTRODUCTION**

1.      Cause exists to dismiss this case because the Debtors have liquidated the majority

of assets and controls the proceeds and remaining assets for the benefit of creditors. The principal

of the Debtors has attempted to act as a good steward. During the case, the principal of the Debtors

coordinated sales of assets to maximize the return to vehicle equipment lenders, the Small Business

Administration and other priority and secured creditors. During the process, the Debtors arranged

---

for the sale of assets in a manner that would allow the transfer of existing transportation contracts to be performed for the contracted prices without harming those third parties that had contracted with the Debtors. The Debtors also arranged for the majority of employees to have the opportunity to continue employment.

## JURISDICTION AND WAIVER OF 30-DAY HEARING REQUIREMENT

2.      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334, and 28 U.S.C. § 157.

3.      Dismissal or conversion of a chapter 11 is governed by 11 U.S.C. § 1112(b).

4.      The Debtors waive the right to have a hearing on the Motion within thirty (30) days of the filing.

## FACTS

5.      Cowtown Bus Charters, Inc. ("Cowtown Bus") filed its voluntary petition for relief under provisions of Chapter 11 of Title 11 on or about September 6, 2024. Cowtown Transportation Company, LLC ("Cowtown Transportation") filed its chapter 11 case for protection on March 11, 2025.

6.      The Debtors do not have a confirmed chapter 11 plan. This is an interim application. The Debtors remains the Debtors in possession. The majority of the operating assets of Cowtown Bus have been sold.

7.      Cowtown Transportation Company, LLC, which has been treated as a unit of Cowtown Bus Charters, Inc. for federal tax reporting sold the real property owned by it.

8.      The majority of the proceeds of the two sales have been disbursed in a manner consistent with the liquidation priorities of the bankruptcy. It is the intention of the Debtors to continue to honor that liquidation priority. All of the remaining creditors that are entitled to receive

assets under these cases are either secured tax creditors, the SBA, or other administrative priority claimants. None of those creditors are entitled to vote on a plan except the SBA, and a plan cannot be approved in connection with the case. The continued expense of chapter 11 administration or the administration of a case under chapter 7 is financially burdensome.

## ARGUMENT

9.      Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1112(b)(1). Under § 1112(c), the court cannot covert a case to chapter 7 if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established. Id. § 1112(c).

10.     The Court may dismiss a case if there is substantial and continuing loss to the estate and the absence of any reasonable likelihood of reorganization. 11 U.S.C. § 1112(b)(4)(A). Prosperity Bank has foreclosed on the Debtor's only significant asset and the Debtor has no other assets from which creditors may seek recovery. Meanwhile, the Debtor continues to accrue post-confirmation expenses such as United States Truste quarterly fees.

11.     The Debtors seek for a finding of cause under 11 U.S.C. § 1112(b)(4)(A). The facts as recited herein constitute cause for the dismissal.

12.     A proposed order will be circulated with the ECF version of the pleading.

## CONCLUSION

13.     The Debtors respectfully request that the Court dismiss this case or grant such other and further relief as might be just and equitable.

Respectfully submitted,


By:*/s/ Mark J. Petrocchi*
    Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX 76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
COUNSEL FOR THE DEBTORS

## CERTIFICATE OF CONFERENCE

The undersigned communicated with the U.S. Trustee's Office through Susan Hersh who did not oppose the dismissal and with the Small Business Administration through David Adams who has not yet responded.

/s/Mark J. Petrocchi_____
MARK J. PETROCCHI


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of November 2025 he caused the foregoing document to be served upon all parties on the attached mailing matrix (without the proposed order) and to all parties registered on the ECF filing system of the Court.

*/s/Mark J. Petrocchi*_____
MARK J. PETROCCHI